

ENTERED
MAY 2 6 1993
FRANKLIN CIRCUIT COURT
JANICE MARSHALL, CLERK

COMMONWEALTH OF KENTUCKY
FRANKLIN CIRCUIT COURT
DIVISION NO. II
CIVIL ACTION NO. 93-CI-00039

JULIAN M. CARROLL            PLAINTIFF

V.            ORDER

GARY COLYER            DEFENDANT

This action comes before the court upon Defendant's motion to set aside a default judgment pursuant to CR 55.02 and CR 60.02. Defendant contends that the judgment should be set aside because the Plaintiff's complaint is insufficient as a matter of law, that the judgment is void for lack of personal jurisdiction, and that this court should exercise its discretion to set aside the judgment. Plaintiff argues that the complaint sufficiently stated a cause of action, that Defendant was properly served, and that Defendant has no legitimate excuse for not responding to the complaint.

The Plaintiff is a resident of Franklin County, Kentucky, and the Defendant is a resident of Knox County, Tennessee. Plaintiff's complaint, filed on January 14, 1993, alleges that Plaintiff and Defendant were sole stockholders in a Kentucky corporation, Walk-N-Vision, Inc., which was approved for a commercial loan by Farmers National Bank and Trust Company, Frankfort, Kentucky on December 29, 1988. The complaint alleges that Defendant signed a renewal note on October 20, 1989 in favor of Farmers Bank in the amount of one hundred two thousand five hundred dollars ($102,500.00) at twelve percent (12%) interest per year. It further alleges that

EXHIBIT C

TRAV00031

Defendant was unavailable to execute the guarantee clause of the note, so Plaintiff personally guaranteed the note, and has executed subsequent personal guarantees of the loan. Although the complaint does not include Farmers Bank as a party, the complaint avers that the note is due and payable from Defendant, as Farmers has made a demand on the note. The complaint demands relief as follows:

> Judgment in favor of Julian M. Carroll and Farmers National Bank and Capital Trust Company for a sum equal to one half of the principal of the note in favor of Farmers National Bank and Trust Company and one half of all interest due and payable in favor of said bank.

The complaint did not include copies of the alleged loan agreement, nor the alleged personal guarantees executed by Plaintiff.

The Defendant was served by certified mail on January 16, 1993. On February 11, 1993, no answer having been filed, Plaintiff moved for a default judgment in the amount of eighty-one thousand seven hundred and forty-seven dollars and forty-eight cents ($81,747.48) plus interest. This court granted the default judgment on February 17, 1993.

Under Kentucky law, a default judgment may not be based upon a complaint that fails to state a cause of action. <u>Dalton v. First National Bank of Grayson</u>, Ky.App., 712 S.W.2d 954, 956 (1986). A complaint that fails to state a cause of action "is insufficient as a matter of law and cannot support a default judgment." <u>Cordier v. Lincoln National Bank</u>, Ky., 702 S.W.2d 428, 430 (1986). Under KRS 355.3-401(1), "no person is liable on an instrument unless his signature appears thereon." The complaint fails to demonstrate how the Defendant is liable to Plaintiff on a note executed in favor of Farmers Bank, and there are no copies of any of the notes or signed

-2-

TRAV00032

documents alleged to create such a liability attached to the complaint. According to Stegemiller v. Crowe, 297 Ky. 52, 178 S.W.2d 937 (1944), where the "petition undertakes to state a cause of action on a promissory note, but there is no averment of a promise of the part of either of the appellants to pay any sum of money [and] the alleged note was not copied into the petition nor, indeed, was it even filed as an exhibit", a default judgment would be reversed. Accordingly, the default judgment against Defendant shall be vacated.

Additionally, the Defendant argues that this court never acquired proper jurisdiction over him. The Defendant was served pursuant to CR 4.01(1)(a), certified mail, return receipt requested. Pursuant to CR 4.04(8), this type of service may be had on an individual out-of-state. This provision states as follows:

> Service may be made upon an individual out of this state, other than an unmarried infant, a person of unsound mind or a prisoner, either by certified mail in the manner prescribed in Rule 4.01(1)(a), or by personal delivery of a copy of the summons and of the complaint (or other initiating document) by a person under 18 years of age. Proof of service shall be made either by the return receipt mentioned in Rule 4.01(1)(a) or by affidavit of the person making such service, upon or appended to the summons, stating the time and place of service and the fact that the individual served was personally known to him. Such service shall without an appearance shall not authorize a personal judgment, but for all other purposes the individual summoned shall be before the Courts as in other cases of personal service.

Service under these provisions alone, therefore, will not authorize a personal judgment. Plaintiff contends that this is a quasi in rem action, and that personal service is not needed. Plaintiff seeks

3

TRAV00033

a judgment from this court holding Defendant liable to him on a note he signed to Farmers Bank. The property that Plaintiff has garnished, an annuity under Travelers' Life and Annuity Company, is not the subject matter of this suit. The Plaintiff asserts that, because this court can attach the annuity, this transforms this action into a <u>quasi in rem</u> action, thus obviating the need for personal service upon Defendant.

Plaintiff cites <u>Citizens Bank and Trust Company of Paducah v. Collins</u>, Ky., 762 S.W.2d 411 (1989) for this proposition. However, in that case, the Bank brought an action in McCracken Circuit Court against Collins alleging that he was indebted to the Bank in the amount of $13,729.81, pursuant to a promissory note dated June 17, 1973. <u>Id</u>. at 411. Along with the complaint, the Bank moved for attachment of Collins' real estate in McCracken County, real estate not secured by the loan and completely unrelated to the subject matter of the complaint. <u>Id</u>. Collins was constructively served and was not served under the Kentucky "Long Arm" statute, KRS 454.210. <u>Id</u>. at 412. Jurisdiction was thus based on the presence in the forum of property unrelated to the claim, and thus was properly characterized as <u>quasi in rem</u>. <u>Id</u>. A judgment in such an action would necessarily be "limited to the property that supports jurisdiction and does not impose a personal liability on the property owner, since he is not before the Court." <u>Id</u>. at 412, quoting <u>Shaffer v. Heitner</u>, 433 U.S. 186, 199 (1977). Analyzing the due process requirements of <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and <u>Shaffer v. Heitner</u>, the court concluded

4

TRAV00034

that the presence of property in the state, without sufficient minimum contacts by the defendant, would not authorize a judgment on a claim quasi in rem. Id. at 413.

While the Plaintiff is correct that this court has jurisdiction over the Defendant's interest in the annuity, this court did not have personal jurisdiction over the defendant under Shaffer. Therefore, the default judgment must be set aside on these grounds as well.

Therefore, the default judgment entered by this court on February 17, 1993 shall be and hereby is VACATED AND SET ASIDE.

SO ORDERED THIS 26 day of MAY, 1993.

_____
Judge, Franklin Circuit Court

5

TRAV00035