IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

GARY COLYER
                     *Plaintiff,*

Vs.                                       Civil Action No. 6:10-CV-00175-GFVT
                                                     Judge Gregory F. VanTatenhove

TRAVELER'S INDEMNITY COMPANY, a foreign corporation, and
METLIFE INSURANCE COMPANY OF CONNECTICUT, a foreign corporation,
                                       *Defendants.*

<u>PLAINTIFF'S RESPONSE TO DEFENDANT TRAVELERS' CROSS-
MOTION FOR SUMMARY JUDGMENT</u>

    Comes now the Plaintiff, Gary Colyer, by counsel, Jon D. Hoover, Scott W. Andrews and Hoover Andrews PLLC, and with his Response to the Cross-Motion for Summary Judgment of defendant Travelers Indemnity Company (hereinafter, "Travelers") pursuant to Rule 56 of the Federal Rules of Civil Procedure, and hereby states as follows:

                                    I.     **BACKGROUND**

    The real issue presented herein is not merely whether Travelers or MetLife[1] had a duty to contest the validity of the garnishment of the Annuity Contract by

---

[1] MetLife is the successor-in-interest to Traveler's Life and Annuity Company. Upon information and belief, on or about May 1, 2006, the Traveler's Life and Annuity Company was sold to and became a part of MetLife Life and Annuity Company of Connecticut, which on or about December 7, 2007 was merged into and became a part of MetLife Insurance Company of Connecticut. Reference to "MetLife" includes any and all of these entities.

Julian Carroll in the Franklin County Circuit Court, but whether Travelers breached the Settlement Agreement between plaintiff and defendant Travelers.[2] The answer is: Yes.

As this Honorable Court is aware, the basis for this lawsuit is a settlement agreement made by and between plaintiff and defendant Travelers to settle litigation pursued in this Honorable Court which arose out of a motor vehicle accident.[3] The Settlement Agreement by and between plaintiff and Travelers provides, in pertinent part, that:

> 2. Travelers shall cause to be paid to the plaintiff Gary Colyer periodic payments of $1,000 per month for the life of Gary Colyer starting January 15, 1993 (with 30 years guaranteed). In the event of the death of the said Gary Colyer before the end of the guaranteed 30 year period, then said payments remaining during the said guaranteed 30 year period shall be made to such beneficiary or beneficiaries which the plaintiff Gary Colyer may designate.
>
> . . . . .

The Settlement Agreement provides that Travelers may purchase an annuity to fund its obligation to plaintiff pursuant to the Settlement Agreement. In that event, the following provisions were made:

> Travelers shall be the owner of any such annuity policy and shall have all rights of ownership. The principal beneficiary of such annuity policy shall be the plaintiff Gary Colyer although he shall not be the owner of the policy.

---

[2] Defendant Travelers Indemnity Co. is the successor-in-interest to Travelers Insurance Co. and reference to "Travelers" shall include either or both such entities.

[3] A more complete recitation of the factual and procedural background of this case is set forth in plaintiff's Memorandum of Law in Support of Motion for Summary Judgment (hereinafter, "plaintiff's Memorandum"), filed on or about April 6, 2012, and which is incorporated by reference as if fully set forth herein.

> . . . Travelers shall have the annuity carrier mail payments directly to the plaintiff Gary Colyer, if living, or if deceased, then to such person or entity as shall be entitled to them. <u>Id.</u> at par. C.
>
> In the event that Travelers purchases an annuity contract pursuant to the previous paragraph, then Travelers shall remain liable for, and guarantee the payments of, all amounts due under this agreement until all amounts have been paid in full. <u>Id.</u> at par. D.
>
> . . . . .
>
> The plaintiff Gary Colyer hereby acknowledges that the periodic payments described above cannot be accelerated, deferred, increased or decreased nor shall plaintiff Gary Colyer or any payee have the power to sell, mortgage, encumber or anticipate the periodic payments, or any part thereof, by assignment or otherwise. <u>Id.</u> at par. F.

A copy of the Settlement Agreement was attached as Exhibit A to plaintiff's Complaint and to plaintiff's Memorandum of Law in Support of Motion for Summary Judgment.

Plaintiff did not own the annuity or the Annuity Contract. In fact, MetLife and Travelers both admitted that Travelers was the owner of the annuity. See: Exhibits B and C to plaintiff's Memorandum. Travelers purchased the annuity to fund its obligation to plaintiff. <u>Id.</u> MetLife admitted it is the entity responsible for payment of the annuity. See: MetLife's Response to Plaintiff's Motion for Summary Judgment and Memorandum in Support of Cross-Motion for Summary Judgment at p. 3.

Travelers' Memorandum in Support of Motion for Summary Judgment engages in a long recitation of facts concerning the factual background of the case giving rise to the garnishment order, which is unnecessary and irrelevant to the

determination of any of the legal issues presented in this case. Also irrelevant is the recitation of facts concerning the plaintiff's settlement of the underlying claims with Julian Carroll which resulted from a business dispute and gave rise to the garnishment, as those certain annuity payments addressed and included within that settlement are not at issue herein and have no bearing on the legal issues presented.

Travelers attempts to avoid payment of its obligations to plaintiff pursuant to the Settlement Agreement by arguing that this Honorable Court lacks subject matter jurisdiction over the matter, that it had no duty to contest the garnishment, that the garnishment order was valid on its face, and that plaintiff seeks what would amount to a double recovery. Each of these arguments must fail for the reasons set forth below. Travelers' Cross-Motion for Summary Judgment must be denied.

## II. ARGUMENT

### A. This Honorable Court has Jurisdiction over This Matter.

This Honorable Court has jurisdiction over this matter because it has diversity jurisdiction over the parties who are each residents of different states as alleged in the Complaint, and because the alleged damages satisfy the amount in controversy. The case meets the requirements for jurisdiction of 28 U.S.C. sec. 1332.

Furthermore, this case arises out of the settlement of a case which had been brought and was pending in this Court. The underlying motor vehicle case was Civil Action No. 91-241 in this very division of this Court. As such, in addition to original diversity jurisdiction, this Honorable Court maintains continued jurisdiction over this matter arising out of the settlement of that underlying case. See: Kokkonen v. Guardian Life Ins. Co. of Amer., 511 U.S. 375 (1994); Lorillard Tobacco Co. v. Chester, Wilcox & Saxbe, 589 F.3d 835 (Sixth Cir. 2009). See also: Davis v. Scott, 320 S.W.3d 87, 90 (Ky. 2010)(state trial court could not invalidate settlement agreement that was product of federal litigation).

Travelers contends plaintiff is seeking appellate review of a state court decision in this Court. However, plaintiff is not asking the Court to invalidate any garnishment order or to issue any order which would be binding on a state court in Kentucky. Rather, plaintiff is asking the Court to find that Travelers breached its contract with plaintiff as memorialized in the Settlement Agreement. While part of the basis for plaintiff's argument might involve assessing the validity of the garnishment order and Travelers' duty to plaintiff pursuant to the Settlement Agreement, plaintiff is not formally appealing any garnishment order to this Court. This Honorable Court clearly has jurisdiction over this matter.[4] Moreover, Travelers breached the Settlement Agreement regardless of whether it had any duty to contest the garnishment.

---

[4] If this Honorable Court finds that it does not have the requisite subject matter jurisdiction over this matter, it clearly cannot decide any pending motion for summary judgment, and a lack of jurisdiction may also call into question the Court's earlier ruling on the default judgment against defendant MetLife.

### B. **Travelers Had a Duty to Contest the Validity of the Garnishment.**

It is undisputed that plaintiff did not own the annuity; it simply was not his property. The Annuity Contract was between MetLife and Travelers and all parties herein admit Travelers was the owner of the annuity. This begs the question: Even though he was the judgment debtor, how can plaintiff have standing to contest the garnishment of money or property which does not belong to him? Put simply: Plaintiff had no legal standing to contest the garnishment of something he indisputably did not own. Therefore, the crux of Travelers' argument – that it fell to plaintiff to raise exceptions or otherwise contest the garnishment – rests on a faulty premise.

Moreover, the cases cited by Travelers in support of this argument are clearly distinguishable on their facts. Central Supply of Virginia, Inc. v. Commonwealth Life Insurance Co., 787 S.W.2d 273 (Ky.App. 1990) involved the garnishment of a life insurance policy. American States Insurance Co. v. Citizens Fidelity Bank & Trust Co., 662 S.W.2d 851 (Ky.App. 1983) involved the garnishment of funds of a decedent's estate. Dickstein v. Merrill Lynch Pierce Fenner & Smith, Inc., 685 A.2d 943 (N.J.App. 1996) involved the garnishment of investment funds to satisfy a tax lien. In none of those cases was there any dispute as to the ownership of the funds garnished; in each case the garnished funds were property of the judgment debtor. That simply isn't the case here, where it is undisputed that the annuity was the

property of Travelers, **not** plaintiff. However, plaintiff was the underlying judgment debtor, not Travelers.

The Kentucky cases cited by Travelers also share the distinction that they were decided before the controlling legal precedent, <u>J. G. Wentworth v. Jones</u>, 28 S.W.3d 309 (Ky.App. 2000), a case which has yet to be distinguished, modified or reversed in any court in this Commonwealth.  <u>Wentworth</u> (which was fully discussed in Plaintiff's Memorandum) stands for the following legal principles: (1) that tort victims retain no interest susceptible of assignment in structured settlement annuity payments; (2) that such payments by insurance companies are exempt from garnishment pursuant to state code and public policy; and (3) an insurer issuing such an annuity faces a justiciable controversy and as such has standing to assert that the annuity proceeds are exempt from execution.

The <u>Wentworth</u> case is on point with the case at bar.  The Settlement Agreement was not assignable.  Plaintiff did not own the Annuity Contract.  Rather, it was purchased by Travelers in order to fund the obligation it owed plaintiff pursuant to the Settlement Agreement.  MetLife, as a party to the Annuity Contract, had standing to challenge the garnishment.  MetLife, as the issuer of the Annuity and a party to the Annuity Contract, also had a duty to protect the payments it owed to Travelers.  Travelers had standing to contest the garnishment because it was clearly Travelers' property that was being garnished.  Plaintiff had no standing to do so, and therefore had no such duty.

Travelers tries to distinguish <u>Wentworth</u> on the grounds that the insurer therein entered the case to contest the assignment or garnishment voluntarily. This is a distinction without a difference, as the <u>Wentworth</u> Court did not limit its holding and rulings on that basis. Travelers' argument as to why plaintiff had a duty to object to the garnishment is even more disingenuous. In fact, it is outright contradictory.

At pp. 10-11 of its Memorandum, Travelers argues that it does not have a duty to object to the garnishment because the <u>Wentworth</u> Court held only "that a garnishee *may* have standing" to raise statutory exemptions and defenses to a garnishment (Emphasis in Travelers' Memorandum). Therefore, Travelers contends that a mandatory duty is not conferred by the language of this decision.

However, at p. 14 of its Memorandum, Travelers argues just the opposite as it relates to plaintiff. Travelers contends that as the judgment debtor, plaintiff has the duty to contest or defend against such a garnishment. Travelers specifically quotes from KRS 425.501(4), which states in pertinent part:

> The judgment debtor *may* appear and claim the exemption of any property or debt that is exempt from execution . . . (Emphasis added).

Now, clearly, if the language of this statute creates a mandatory duty, then so does the language of <u>Wentworth</u>. Conversely, if <u>Wentworth</u> does not create a mandatory duty, then neither does the statute. One thing is certain: it cannot be

mandatory one way and discretionary the other as Travelers would have the Court believe. Travelers wants to have its cake and eat it too.

Travelers also contends that plaintiff "does not dispute that he had a duty under KRS 425.501(4) to raise his statutory exemptions and defenses" (Travelers' Memorandum at p. 14); however, this is not true. An examination of the plaintiff's discovery responses cited by Travelers (Id., fn. 70), reveals that plaintiff did not admit that any duty was created by that statute (or any other) which applied to him; rather, this was a legal conclusion.

The legal conclusion is because the annuity did not belong to plaintiff, he had no standing to contest the garnishment. The annuity belonged to Travelers, and so did the duty to contest the garnishment. The duty must follow the ownership, and the legal standing.

### C. The Garnishment Order was Illegal on its Face.

A pre-requisite to garnishment under the Kentucky garnishment statutes is that the property to be garnished belongs to the judgment debtor. KRS 425.501. That was clearly not the case here. The annuity never belonged to plaintiff, so was not subject to garnishment. Neither Travelers nor MetLife possessed any property which belonged to plaintiff at the time any garnishment order was issued or executed. Therefore, the garnishment order(s) was invalid on its face.

A garnishee is permitted to assert defenses, other than the defense that the debt is not owed. See: Sutherland Bros. v. Stanley, 63 S.W.2d 487 Ky.App. 1933).

At the heart of any dispute over a garnishment order is the issue of whether the garnishee possesses any property owned by the debtor at the time any garnishment order was served.  <u>McMahan v. Po Folks, Inc.</u>, 206 F.3d 627 (Sixth Cir. 2000).

The Sixth Circuit had occasion to examine this issue in <u>Travelers Casualty & Surety Co. v. Whitehouse-Franklin, LLC</u>, 2007 Fed.App. 0076N, 2007 WL 247894 (Sixth Cir. 2007), noting that under Kentucky law, if the court finds that the garnishee was, at the time of service of the order upon him, possessed of any property of the judgment debtor, the court shall order the property or the proceeds of the debt applied upon the judgment.  <u>Id.</u> at p. 3, citing KRS 425.501(5).  The Court continued:

> The statute thus establishes a "snapshot rule," operating only on property that the garnishee possessed at the time the garnishment order was served, not on property acquired thereafter. . . (citations omitted). . . **The depositor's creditor is not entitled to the money if it is actually owned by somebody else.  Instead the somebody else is.**  <u>Id.</u> (Emphasis added).

The plaintiff/debtor here did not own the annuity; Travelers did.  Travelers knew this.  The annuity was not subject to garnishment, and the order was invalid on its face.  So again, we are presented with the question of whether the debtor has standing to contest a garnishment of property that does not belong to him.  We know that the garnishee has the necessary standing; therefore the garnishee also has the duty.  The law cannot impose a duty on one who has no standing; the standing and the duty must follow together, hand in hand.  Travelers had such a duty, and breached it.

### D. Plaintiff is Not Seeking a Double Recovery.

Plaintiff is not seeking a double recovery here. Rather, he is seeking a recovery. He is seeking the recovery for his underlying motor vehicle accident claim which has been denied him despite being agreed upon. He has had no recovery for the clear breach of contract perpetrated by Travelers here. While plaintiff agrees that a double recovery is generally impermissible, plaintiff disagrees that this particular fact situation presents a double recovery. Nor is plaintiff aware of any binding or persuasive legal authority on this issue which addresses this specific fact pattern. Whether Travelers or MetLife made payments on a debt of plaintiff is immaterial. The case is not a tort case. It is a breach of contract claim, and as such it is governed by the contracts and the specific language of the contracts. The language of the Settlement Agreement is quite clear.[5]

### E. Travelers Breached the Settlement Agreement with Plaintiff.

Regardless of who had what duty to contest the garnishment, Travelers breached the Settlement Agreement with plaintiff. As stated above, Travelers agreed to pay $1,000 monthly to plaintiff Colyer. It did not agree to pay these sums to anyone else on his behalf, unless paid to his designated beneficiary upon his death. As long as plaintiff is alive, the payments were to be made directly to him. Plaintiff is still living. Yet the agreed-upon payments were not made to him as required. Nor was Julian Carroll his designated beneficiary.

---

[5] The Annuity Contract between Travelers and MetLife has never been provided to plaintiff.

The Settlement Agreement also required that Travelers **shall** have the annuity carrier mail payments directly to plaintiff. This is a mandatory duty and it was not done. Again, the only exception is upon plaintiff's death. This is a condition precedent which has not been satisfied.

The Settlement Agreement states Travelers **shall** remain liable for, and guarantee the payments of all amounts due under the Settlement Agreement until all such amounts have been paid in full. This is a mandatory duty and was not done. Regardless of whether it had any duty to contest or object to the garnishment of the annuity, Travelers is clearly in breach of the Settlement Agreement with plaintiff, and must pay him the amounts long overdue and owed to him. Of course, if any of the provisions of the Settlement Agreement are seen as ambiguous or the meaning is called into question, the provisions of the Settlement Agreement must be construed against the drafter, Travelers. Guagenti v. James N. Gray Co., 105 Fed.Appx. 717 (Sixth Cir. 2004); Hulda Schoening Family Trust v. Powertel/Kentucky, Inc., 275 F.Supp.2d 793 (W.D.Ky. 2003); Lawson v. Kentucky Retirement Systems, 291 S.W.3d 679 (Ky. 2009); Weinberg v. Gharai, 338 S.W.3d 304 (Ky.App. 2011).

### III. CONCLUSION

Whether or not Travelers had a duty to contest the garnishment of the annuity, it clearly breached the Settlement Agreement which requires it to pay certain sums to plaintiff on a monthly basis for a certain period of time. There is no genuine issue of material fact that plaintiff settled his cause of action arising out of

a motor vehicle accident with Travelers' insured and that plaintiff is party to a Settlement Agreement with Travelers whereby Travelers agreed to pay a sum certain as consideration for the release of its insured.  It is undisputed that plaintiff could not assign or otherwise alienate his rights under the Settlement Agreement.  It is undisputed that in order to fulfill and fund its obligations to plaintiff under the Settlement Agreement, that Travelers entered into the Annuity Contract with MetLife requiring MetLife to make a monthly payment to plaintiff.  It is undisputed that plaintiff did not own the Annuity and was not a party to the Annuity Contract.  It is undisputed that Travelers was the sole owner of the Annuity Contract.

      Because the facts are undisputed, what remains for resolution are legal questions:  how does the law apply to this set of facts?  Kentucky law as set forth in the controlling, on-point precedent of <u>Wentworth</u> is clear:  The Annuity Contract was non-assignable and not subject to garnishment.  It was not property of the plaintiff/judgment debtor.  Travelers had standing to contest the garnishment, had a duty to protect plaintiff's benefits, and failed to do so.  This would not constitute a double recovery for plaintiff, as he has had no recovery as provided by the Settlement Agreement.  Travelers made a mistake, and must be made to pay for it.

      Even if the Court finds that Travelers had no duty to contest or otherwise object to the garnishment, Travelers clearly breached the Settlement Agreement with plaintiff, which required it to make payments directly to plaintiff.  The Settlement Agreement required Travelers to guarantee the payments due.  Travelers clearly breached these mandatory duties and is liable therefore.

WHEREFORE, for all of the foregoing reasons, plaintiff Gary Colyer, by counsel, respectfully requests that this Honorable Court deny defendant Travelers' Cross-Motion for Summary Judgment, grant his Motion for Summary Judgment, and for such other relief as this Honorable Court deems just.

**RESPECTFULLY SUBMITTED,**

**GARY COLYER**, by counsel

**S/Jon D. Hoover**
Jon D. Hoover (KY Bar No.: 88212)
Scott W. Andrews (KY Bar No.: 87596)
**Hoover Andrews PLLC**
3570 U. S. Route 60 East
Barboursville, WV 25504
(304) 733-3400 – office
(304) 733-4888 – fax
jdhoover@hooverandrews.com
swandrews@hooverandrews.com
*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

GARY COLYER

    *Plaintiff,*

Vs.

    CIVIL ACTION NO. 6:10-CV-00175-GFVT
    JUDGE GREGORY F. VANTATENHOVE

TRAVELER'S INDEMNITY COMPANY and
METLIFE INSURANCE COMPANY OF CONNECTICUT

    *Defendants.*

## CERTIFICATE OF SERVICE

    The undersigned counsel hereby certifies that he has served the aforesaid "**Plaintiff's Response to Defendant Travelers' Cross-Motion for Summary Judgment**" on this 14th day of May, 2012, by electronically filing the same with the CM/ECF system.

    /s/Jon D. Hoover_____
    Jon D. Hoover (KY Bar No. 88212)
    Scott W. Andrews (KY Bar No. 87596)
    Hoover Andrews PLLC
    3570 U. S. Route 60 East
    Barboursville, WV  25504
    (304) 733-3400 -- office
    (304) 733-4888 – fax
    jdhoover@hooverandrews.com
    swandrews@hooverandrews.com